UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Crystal Tate, | CASE NO: |
| Plaintiff, | |
| v. | **COMPLAINT**<br>**(Jury Trial Requested)** |
| Blake Management Group, LLC d/b/a The Blake at Carnes Crossroads, LLC, | |
| Defendant. | |

## JURISDICTION AND PARTIES

1.  This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e *et seq.*

2.  All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a.  A charge of employment discrimination on the basis of racial discrimination, hostile work environment and retaliation was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC").

   b.  Notification of the Right to Sue was received from the Equal Employment Opportunity Commission ("EEOC") on August 25, 2022.

   c.  This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3.  The Plaintiff, Crystal Tate, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4.  The Defendant, Blake Management Group, LLC d/b/a The Blake at Carnes Crossroads, LLC, upon information and belief, is a foreign corporation organized in the State of Mississippi, operating and doing business in the County of Berkeley, State of South Carolina.

5.  Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

6.  Defendant is an "industry affecting commerce" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7.  Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8.  All discriminatory employment practices alleged herein were committed within the State of South Carolina.

9.  Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about August 5, 2020, Plaintiff began working for Defendant as the Executive Director of The Blake at Carnes Crossroads.  At all times relevant to this Complaint, the Plaintiff was efficient and effective in her job.

11. During the Plaintiff's employment, she was subjected to harassment and discrimination on the basis of her race by Regional Director of Operations, Michelle Boska, along with residents and staff.

12. Beginning in or about January 2021, Ms. Boska, residents and staff began making repeated remarks that all the white residents are leaving because Ms. Tate is "hiring too many black people."  They referred to this as the "white flight."  Ms. Boska would also refer to black employees, including the Plaintiff, as "them people."

13. The Plaintiff first confronted Ms. Boska, who attempted to deter the Plaintiff from going to Human Resources and threatened that if she did "it would open the door for HR to look into things with [her]."

14. Despite Ms. Boska's threats, the Plaintiff reported the discrimination to Erica Hartwell in Human Resources.  Defendant immediately began retaliating against her.

15.  Promptly after her report to Human Resources, the Plaintiff found that Defendant had already placed an advertisement for her position online.  Ms. Boska then put Plaintiff on a 30-day Performance Improvement Plan ("PIP").

16. The retaliation and disparate treatment became so severe that it led to Plaintiff's constructive discharge on or about July 12, 2021.

## FOR A FIRST CAUSE OF ACTION
### Title VII – Disparate Treatment

17. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

18. Plaintiff is a member of a protected group on the basis of her race.  Plaintiff was also discriminated against as a result of her race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

19. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiffs in the following particulars, to wit:

      a. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff;

      b. In demonstrating a pattern of discriminatory treatment toward African American employees; and

      c. In other particulars which discovery may show.

20. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act.

21. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

22. The Plaintiff's race was the determining factor in their discrimination, mistreatment and harassment.

23. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## FOR A SECOND CAUSE OF ACTION
### Title VII – Hostile Work Environment

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), she was subjected to adverse terms and conditions by the Defendant, thereby causing a hostile work environment.

26. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for Plaintiff. The Defendant therefore violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) by allowing a hostile work environment to exist in the workplace.

27. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

28. As a direct and proximate result of the acts and practices of Defendant in creating a hostile work environment for the Plaintiff, she has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to reputation, loss of income and other past and future losses.

### FOR A THIRD CAUSE OF ACTION
### Title VII – Retaliation

29. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30. That as alleged above, the Plaintiff complained to the Defendant about racial discrimination in the workplace.

31. The Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

32. Shortly after making said complaints, the Defendant retaliated against the Plaintiff, resulting in her constructive discharge, which is in violation of 42 U.S.C. §2000e-3.

33. The Defendant's stated reasons for Plaintiff's mistreatment after her complaints of discrimination are mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

34. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and constructive discharge of Plaintiff. But for Plaintiff's reports of racial discrimination, she would not have been constructively discharged.

35. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

36. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

37. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the Plaintiff's federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

38. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act by allowing retaliation to exist in the workplace.

39. That as a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, in addition to severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental

anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation and physical and personal injuries.

## REQUEST FOR RELIEF

1. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

2. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs pray for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant for back pay and all lost or diminished benefits, in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for compensatory damages;

6. Judgment in favor of the Plaintiff and against Defendant for embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

7. Judgment in favor of the Plaintiff and against Defendant for actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just and proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

 *s/Emily Hanewicz Tong*
Emily Hanewicz Tong (Fed. I.D. #12177)
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
t: (843) 553-9800
f: (843) 203-1496
e: ehtong@wiggerlawfirm.com

North Charleston, South Carolina
November 16, 2022